USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RALPH SPARKS,

                Petitioner,

-v-

JOHN W. BURGE, Superintendent, Elmira Correctional Facility,

                Respondent.

---

No. 06-CV-6965 (KMK) (PED)

ORDER ADOPTING REPORT
AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

Pro se Petitioner Ralph Sparks ("Petitioner") brings this writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2254, challenging his conviction for three counts of burglary in the second degree, three counts of petit larceny, criminal possession of stolen property in the fifth degree, grand larceny in the fourth degree, criminal possession of a weapon in the third degree, and possession of stolen property in the fourth degree. The case was referred to Magistrate Judge Paul E. Davison for review, pursuant to 28 U.S.C. § 636(b). On September 23, 2009, Magistrate Judge Davison issued a thorough Report and Recommendation ("R&R"), concluding that this Court should deny the Petition in all respects. For the reasons stated herein, the Court adopts the conclusions of the R&R and denies Petitioner's claims for habeas relief.

I. Background

The Court adopts the factual background discussed in the R&R. In terms of the relevant procedural background, Petitioner filed the instant Petition on August 13, 2006, asserting ten grounds for habeas relief. (Pet. ¶ 9.) First, he contends that his trial attorney "put forth little to no effort to investigate the issues, locate the police logs, or follow-up on the questions put before

him by the petitioner." (*Id.*) Second, Petitioner objects to the decision to combine the pretrial suppression hearing with the bench trial and further claims and that his trial attorney's advice of a bench trial was not in Petitioner's best interest. (*Id.*) Third, Petitioner asserts that the "Waiver Of Jury Trial" form he signed was invalid "for a number of reasons."[1] (*Id.*) Fourth, Petitioner contends that the officer lacked probable cause to search the vehicle. (*Id.*) Fifth, Petitioner alleges that "the illegal search of the vehicle led to the illegal detention and arrest of petitioner which led to the frisk of the petitioner."[2] (*Id.*) Sixth, Petitioner argues that a review of the "time line" leading to the discovery of the firearm proves that there was an improper search and arrest. (*Id.*) Seventh, Petitioner says that the evidence before the grand jury was insufficient and inadmissible. (*Id.*) Eighth, Petitioner claims that certain testimony relating to the firearm was improperly admitted. (*Id.*) Ninth, Petitioner contends that:

> If appellate counsel had put forth any effort to investigate the issues in this matter, spend time to read the Grand Jury, Pre-trial, combined hearing/trial, sentencing transcripts or review what little discovery materials were turned over and take notice of what was not turned over, the petitioner's brief would have been better prepared, more accurate, legally persuasive[,] and this matter would have turned out differently.

(*Id.*) Tenth, Petitioner argues that "[t]he accumulative effect of these errors can only be cured by a complete reversal, renewal of pre-trial motions, new suppression hearings[,] and a new trial." (*Id.*) These claims are the same as those listed in Petitioner's *coram nobis* petition as the "Meritorious Issues Ignored By Appellate Counsel." (Mitzner Aff. Ex. I, at 6-11.)

---

[1] Petitioner claims that the "Waiver Of Jury Trial" form gives jurisdiction to the County of New York instead of to the County of Sullivan, and that the charges are not listed in the proper location on the form. (Pet. ¶ 9.)

[2] In other words, Petitioner alleges that his arrest and the items found in the search incident to the arrest were "fruit of the poisonous tree." (Pet. ¶ 9.)

2

Magistrate Judge Davison concluded that grounds one, two, three, seven, eight, and ten of Petitioner's claims were procedurally barred. (R&R 7-8.) He also concluded that grounds four, five, six, and nine should be denied on the merits. (*Id.* 9-14.) He recommended that the Petition be dismissed with prejudice, and that no certificate of appealability be issued. (*Id.* 14-15.) Petitioner filed timely objections to the R&R, specifically objecting to the R&R's conclusions regarding his second, third, seventh, eighth and tenth claims. (Objection & Resp. to Report & Recommendation ("Obj.") ¶¶ 5, 7, 8.)

## II. Discussion

### A. Standards of Review

#### 1. Review of Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), but parties are granted an additional three days where, as here, service is made by mail, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), *see* Fed. R. Civ. P. 6(d). Thus, Petitioner had a total of seventeen working days to file objections to the R&R. *See* Fed R. Civ. P. 6(a)(2).[3]

---

[3] During the pendency of the Petition, Fed. R. Civ. P. 72(b)(2) was amended to extend the time for objections from ten to fourteen days. Fed. R. Civ. P. 72(b)(2). This amendment did not

3

Where a party submits timely objections to a report and recommendation, as Petitioner has here, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. The district court "may adopt those portions of the . . . report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (internal quotation marks omitted).

### 2. Review of Petition for Habeas Corpus Relief

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)-(d)(1). Thus, Petitioner is entitled to habeas corpus relief only if he can show that "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). "While 'the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones' is somewhat unclear, 'it is well-established in [the Second] Circuit that the 'objectively unreasonable' standard of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error in order to obtain *habeas* relief.'" *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir.

---

affect Petitioner's objections.

4

2007) (alteration omitted) (quoting *Torres v. Berbary*, 340 F.3d 63, 69 (2d Cir. 2003)). The state court's determination of factual issues is presumed correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006).[4]

B. Analysis

1. Exhaustion and Procedural Default

Magistrate Judge Davison concluded that Petitioner's first claim was procedurally barred, because Petitioner failed to present this claim in his leave application to the Court of Appeals; thus, Petitioner no longer has state court remedies available. (R&R 7.) Magistrate Judge Davison also concluded that claims two, three, seven, eight, and ten were not properly exhausted, because Petitioner failed to raise them on direct appeal. (*Id.* at 7-8.)

The Supreme Court has instructed that "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). Accordingly, "the prisoner must fairly present his claim in each appropriate state court (including a state

---

[4] It also bears noting that pleadings submitted by pro se litigants are held to a lesser standard than those drafted by practicing attorneys. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."). Because Petitioner is proceeding pro se, the Court construes his submissions liberally so as to interpret them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

There are two components to the exhaustion requirement. *See McCray v. Bennet*, No. 02-CV-0839, 2005 WL 3182051, at *7 (S.D.N.Y. Nov. 22, 2005) ("A two-step analysis is used to determine whether a claim has been exhausted . . . ."). "First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981), *overruled on other grounds, Daye v. Att'y Gen. of N.Y.*, 696 F.2d 182 (2d Cir. 1982); *see also Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (same); *Oliver v. Kirkpatrick*, No. 06-CV-6050, 2012 WL 3113146, at *5 (E.D.N.Y. July 31, 2012) (same). This requirement is satisfied if the claim is presented in a way that is "likely to alert the court to the claim's federal nature," *Daye*, 696 F.2d at 192, and the state courts are "apprised of both the factual and the legal premises of the claim [the petitioner] asserts in federal court," *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (alteration in original) (internal quotation marks omitted); *see also Bermudez v. Conway*, No. 09-CV-1515, 2012 WL 3779211, at *8 (E.D.N.Y. Aug. 30, 2012) (same).

"Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim." *Klein*, 667 F.2d at 282; *see also Pettaway v. Brown*, No. 09-CV-3587, 2010 WL 7800939, at *9 (S.D.N.Y. May 3, 2010) (same), *adopted by* 2011 WL 5104623 (S.D.N.Y. Oct. 26, 2011). In New York, "a criminal defendant

6

must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). If the petitioner fails to exhaust his or her state remedies through this entire appeal process, he or she may still fulfill the exhaustion requirement by collaterally attacking his or her conviction via available state methods. *See Klein*, 667 F.2d at 282-83. For example, in New York a defendant may challenge his conviction based on matters not in the record that could not have been raised on direct appeal, *see* N.Y. Crim. Proc. Law § 440.10 (McKinney 2012), but he or she may not seek collateral review of claims that could have been raised on direct appeal and were not, *see id.* § 440.10(2)(c); *O'Kane v. Kirkpatrick*, No. 09-CV-5167, 2011 WL 3809945, at *7 (S.D.N.Y. Feb. 15, 2011), *adopted by* 2011 WL 3918158 (S.D.N.Y. Aug. 25, 2011). In addition, New York permits only one application for direct review. *See* N.Y. Court Rules § 500.20(a)(2) (McKinney 2012); *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) ("Jimenez has already taken his one direct appeal [under New York law] . . . .").

Thus, New York procedural rules bar its state courts from hearing either claims that could have been raised on direct appeal but were not, or claims that were initially raised on appeal but were not presented to the Court of Appeals. Accordingly, in these situations a petitioner no longer has any available state court remedy, and his or her unexhausted claims are therefore deemed exhausted. *See Bossett v. Walker*, 41 F.3d 825, 828-29 (2d. Cir. 1994). And, furthermore, "[i]n the absence of a showing of cause for and prejudice from the failure to raise the claim in conformity with state procedural requirements or a fundamental miscarriage of justice, such a claim, although deemed exhausted, will be forfeited and barred from serving as the basis for habeas relief." *McCray*, 2005 WL 3182051, at *8; *see also Dretke v. Haley*, 541

7

U.S. 386, 388 (2004) ("[A] federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default," or a showing that the petitioner "is actually innocent of the underlying offense . . . ."); *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."); *Acosta v. Artuz*, 575 F.3d 177, 188 (2d Cir. 2009) (holding that, because the petitioner could not "present his unexhausted claim of trial error to the state courts, . . . the claim [was deemed] procedurally barred."); *O'Kane*, 2011 WL 3809945, at *8 (holding that habeas claims were deemed exhausted but nonetheless procedurally barred under New York law because petitioner had failed to raise the claims in his direct appeal).

### 2. Petitioner's First Claim

Here, Petitioner's first claim for habeas relief is that his trial attorney "put forth little to no effort to investigate the issues, locate the police logs, or follow-up on the questions put before him by petitioner." (Pet. ¶ 9.) Magistrate Judge Davison concluded that because Petitioner raised this claim on direct appeal to the Appellate Division, but failed to include it in his leave application to the Court of Appeals, the claim was procedurally barred. (R&R 7.) The Court agrees. *See Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005) ("Generally we assume that the Court of Appeals would construe a petitioner's leave application as abandoning claims that the petitioner had pressed to the Appellate Division below where those claims were not presented to the New York high court for review." (internal quotation marks omitted)); *Cruz v. Greiner*, No. 98-CV-7939, 1999 WL 1043961, at *23-24 (S.D.N.Y. Nov. 17, 1999) (stating that petitioner's claim was procedurally barred due to petitioner's failure to include the claim in his leave application to New York Court of Appeals). In addition, Petitioner has made no attempt to show

8

cause for his failure to include this claim in his leave application, and there is no indication that the Court's failure to address the merits of this claim would result in a fundamental miscarriage of justice. Accordingly, this claim is dismissed.

### 3. Petitioner's Second, Third, Seventh, Eighth, and Tenth Claims

In Petitioner's second, third, seventh, eighth, and tenth claims, he asserts that: (I) he did not agree to combine the suppression hearing with the bench trial and that his trial attorney's advice of a bench trial was not in Petitioner's best interest; (ii) the "Waiver Of Jury Trial" form he signed was invalid "for a number of reasons;" (iii) the evidence before the grand jury was insufficient and inadmissible; (iv) certain testimony relating to the firearm was improperly admitted; and (v) "the accumulative effect of these errors can only be cured by a complete reversal, renewal of pre-trial motions, new suppression hearings[,] and a new trial." (Pet. ¶ 9.) Petitioner's argument that a bench trial was not in his best interest was raised in his pro se brief submitted to the Appellate Division. (Mitzner Aff. Ex. C, at unnumbered page 4.) However, this claim was not included in Petitioner's leave application to the Court of Appeals (*see id.* Ex. F); therefore, it is procedurally barred for the same reasons already discussed with respect to Petitioner's first claim.

Petitioner's argument in his second claim regarding the combination of the suppression hearing and trial, and his third, seventh, eighth, and tenth claims all appeared on the record at the time of his initial appeal; however, none of them was presented to the Appellate Division on direct appeal. (*Id.* Exs. B, C.) Instead, they were included in Petitioner's *coram nobis* petition under a list entitled "Meritorious Issues Ignored By Appellate Counsel." (*Id.* Ex. I, at 6-11.) Magistrate Judge Davison determined that these claims were unexhausted, and concluded that, because they could have been, but were not raised, on direct appeal, Petitioner now is foreclosed

9

from raising them in state court. (R&R 7-8.) Accordingly, Magistrate Judge Davison found that the claims are procedurally defaulted, preventing federal habeas review. (*Id.* at 8.)

The Court agrees with Magistrate Judge Davison's conclusion. A petition for a writ of error coram nobis is properly used only to address "a violation of the defendant's constitutional rights not appearing on the record, . . . [and] the . . . proceeding is not a substitute for a new trial, appeal, or other statutory remedy." *People v. Bachert*, 509 N.E.2d 318, 321 (N.Y. 1987) (citation omitted).[5] As Magistrate Judge Davison found, "[t]here is no basis to conclude that [Petitioner] exhausted claims simply by mentioning them in a coram nobis petition seeking relief on other grounds." (R&R 8 n.5.)

Thus, Petitioner failed to exhaust these claims in the state courts. However, in his objection to the R&R, Petitioner asserts that Magistrate Judge Davison erred in finding that these claims were procedurally barred. Instead, Petitioner argues that although these claims were not presented on direct appeal to the state court, New York Criminal Procedure Law § 440.10(1) (McKinney 2012) grants him the right to "reach back to the State Courts for a review on the issue." (Obj. ¶ 7.) In other words, Petitioner argues that although his claims were not exhausted, his Petition should be stayed in order for him to return to state court and exhaust.[6]

---

[5] Among other things, this mechanism can be used to remedy ineffective assistance of appellate counsel claims. *See Hall v. Herbert*, No. 02-CV-2299, 2004 WL 287115, at *4 n.* (S.D.N.Y. Feb. 11, 2004) (noting that a criminal defendant may bring a petition for a writ of coram nobis to challenge the effectiveness of appellate counsel); *Garcia v. Keane*, 973 F. Supp. 364, 369 (S.D.N.Y. 1997) ("Under New York law, the remedy for claims of ineffective assistance of appellate counsel is a petition for writ of error *coram nobis*.").

[6] In his objection, Petitioner also states that the R&R "fails to show the entire examination points of looking to either of the briefs on appeal; or the state court decisions to see if sufficient inference can be drawn in a showing that in any of the lower levels there was adequate knowledge [that] there were issues of 'constitutional [m]agnitude.'" (Obj. ¶ 6.) Petitioner appears to be arguing that his federal claims were fairly presented to the state courts,

10

Although Petitioner asks to return to state court, "New York permits only one application for direct review, and having failed to raise the claim on direct appeal [petitioner] may not seek collateral relief in New York courts." *McCray*, 2005 WL 3182051, at *8 (alteration in original) (citations omitted); *see also* N.Y. Crim. Proc. Law §440.10(2)(c) (McKinney 2012); N.Y. Court Rules § 500.20 (McKinney 2012). Thus, despite Petitioner's assertions to the contrary, "it is clear that the state court would hold the claim[s] procedurally barred," and accordingly, this Court "need not require that [these] claims be presented to a state court." *Harris*, 489 U.S. at 263 n.9; *see also Lopez v. Fischer*, No. 05-CV-2558, 2006 WL 2996548, at *6 (S.D.N.Y. Oct.

---

even though his briefs did not contain specific constitutional phrases. The Court notes that if the federal grounds for a claim were not explicitly asserted before the state courts, a claim might still be "fairly presented" where a Petitioner (1) "reli[ed] on pertinent federal cases employing constitutional analysis"; (2) "reli[ed] on state cases employing constitutional analysis in like fact situations"; (3) "assert[ed] . . . [his] claim in terms so particular as to call to mind a specific right protected by the Constitution"; or (4) "alleg[ed] . . . a pattern of facts that is well within the mainstream of constitutional litigation." *Daye*, 696 F.2d at 194; *see also Jimenez*, 458 F.3d at 149 n.21 (same).

Here, the problem is not that Petitioner simply failed to mention the United States Constitution in pressing his claims to the state courts. Rather, having reviewed both the direct appeal submitted by Petitioner's appellate counsel (Mitzner Aff. Ex. B), and the pro se brief Petitioner submitted to the Appellate Division (*id.* Ex. C), the Court finds that the arguments Petitioner raises in part of his second ground, and in his third, seventh, eighth, and tenth grounds, for habeas relief are not mentioned or referred to in either submission. Thus, the state courts were not appraised of either the factual or legal premises of these claims, *see Jones*, 126 F.3d at 413, nor were they given "the opportunity to pass upon and correct [these] alleged violations of [Petitioner's] federal rights," *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted).

In addition, if Petitioner is attempting to argue that the New York Court of Appeals should have been aware of his ineffective assistance of trial counsel claim based on the fact that Petitioner included the claim in his pro se brief to the Appellate Division, that assertion is without merit. *See Jordan v. Lefevre*, 206 F.3d 196, 198-99 (2d Cir. 2000) (concluding that "arguing one claim in [a leave application] while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction"); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (finding that where the petitioner had included three claims in an appellate brief, but raised only one of the claims in his leave application, the other two claims were abandoned, because it was improper "to presume that the New York Court of Appeals has a duty to look for a needle in a paper haystack" (internal quotation marks omitted)).

11

16, 2006) (finding that petitioner had failed to raise issues on direct appeal, and, therefore, his claims were procedurally barred); *McCray*, 2005 WL 3182051, at *8 ("Because [petitioner] failed to raise his claim[s] in the ordinary appellate process and can no longer do so, [they are] procedurally defaulted." (first alteration in original)). Therefore, Petitioner does not have a right to "reach back" to the state courts for review of his claims.

Thus, the Court will entertain Petitioner's procedurally defaulted claims only if he has demonstrated either "cause and prejudice to excuse the default," or that he "is actually innocent of the underlying offense." *Dretke*, 541 U.S. at 388. Here, Petitioner has shown neither cause for, nor actual prejudice from, the failure properly to raise the claim, and there is no indication that Petitioner is actually innocent. As such, the Court need not reach the merits of these claims. *See Jones v. Keane*, 329 F.3d 290, 296 (2d Cir. 2003) (declining to reach the merits of petitioner's procedurally defaulted claim, because petitioner had not attempted to meet the standard of either cause and prejudice or actual innocence); *see also Lopez*, 2006 WL 2996548, at *7 ("Because petitioner makes no showing of cause, we need not consider whether he has suffered prejudice."). Accordingly, these claims are dismissed.

### 2. Fourth Amendment and Ineffective Assistance of Appellate Counsel Claims

Magistrate Judge Davison concluded that although Petitioner had properly exhausted his fourth, fifth, sixth, and ninth claims, they should be dismissed on the merits. (R&R 9-14.) In these claims, Petitioner argues that: (i) the officer lacked probable cause to search the vehicle; (ii) "[t]he illegal search of the vehicle led to the illegal detention and arrest of petitioner which led to the frisk of the petitioner"; (iii) a review of the "time line" leading to the discovery of the firearm proves that there was an improper search; and (iv) appellate counsel was ineffective. (Pet. ¶ 9.)

Petitioner has not raised an objection to Magistrate Judge Davison's conclusions that his Fourth Amendment and ineffective assistance of appellate counsel claims, though exhausted, should be denied on the merits. As a result, the Court need review these portions of the R&R only for clear error. *See Eisenberg*, 564 F. Supp. 2d at 226; *Donahue*, 2007 WL 831816, at *1. Having reviewed the record, the Court finds no error, clear or otherwise, in Magistrate Judge Davison's conclusions.

## III. Conclusion

For the reasons stated above, the Court adopts the conclusions of the R&R, and finds that Petitioner's claims do not warrant habeas relief. Accordingly, it is

ORDERED that the Report and Recommendation, dated September 23, 2009, is ADOPTED in its entirety. It is further

ORDERED that Petitioner's writ of habeas corpus is DISMISSED with prejudice. It is further

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated: White Plains, New York
September 28, 2012

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List

For Mailing by Clerk's Office:

Ralph Sparks
(03-A-2113)
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

Stephen F. Lungen
Sullivan County District Attorney
Sullivan County Courthouse
Monticello, NY 12701
Attention: Bonnie M. Mitzner, Esq.

Copy To:
Honorable Paul E. Davison
United States Magistrate Judge